IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Respondent, | No. CR S-01-0190 LKK DAD P |
| | vs. | |
| DAVID MIN PARK, | | |
| | Movant. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

Movant, a former federal prisoner, is proceeding pro se with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Movant claims that his trial counsel in this action rendered ineffective assistance. Respondent has filed a motion to dismiss, arguing that movant's claims are barred by the statute of limitations contained in 28 U.S.C. § 2255(f). Upon careful consideration of the record and the applicable law, the court will recommend that respondent's motion to dismiss be granted and the § 2255 motion be dismissed as untimely.

/////

/////

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. CIV S-06-2929 LKK DAD P.

1

I. <u>Procedural Background</u>

On April 2, 2002, movant entered a guilty plea on two counts of health care fraud, each count prosecuted in a separate criminal case.[2] On October 1, 2002, movant was sentenced to twelve months imprisonment on each count, with those prison terms to be served concurrently, and was ordered to pay restitution in the amount of $2,000,000, a fine of $5,000, and a mandatory special assessment of $200. Movant was also sentenced to a three year term of supervised release following his release from custody. Movant did not file an appeal. The instant § 2255 motion was filed on December 29, 2006. Movant's supervised release term expired on December 30, 2006.

II. <u>Timeliness of § 2255 Motion</u>

Respondent argues that the instant motion is barred by the statute of limitations set forth at 28 U.S.C. § 2255(f). Respondent also requests additional time to respond to the merits of the § 2255 motion in the event the court concludes that the motion is not time-barred. For the reasons set forth below, the undersigned agrees that the pending § 2255 motion is untimely and will therefore recommend that it be dismissed.[3]

    A. <u>Factual Background</u>

The following factual background is derived from the allegations set forth in movant's § 2255 motion pending before the court. Movant and Primex Clinical Laboratories, Inc. (Primex) were represented by the same counsel in connection with a criminal investigation

---

[2] The separate criminal cases appear in the court's records as Case Nos. CR S-02-0133 LKK DAD P and CR S-01-0190 LKK DAD P.

[3] Movant argues that respondent's motion to dismiss this action is an improper response to his § 2255 motion. He notes that the court order directing a response to the motion asked respondent to "answer" the motion. (March 15, 2007, Response to Motion to Dismiss (Reply) at 3.) Movant also notes that Rule 5 of the Rules Governing Section 2255 Proceedings provides that the "answer must address the allegations in the motion." (<u>Id.</u>) Movant's argument in this regard is not persuasive. Pursuant to Rule 12 of the Rules Governing § 2255 motions and Fed. R. Civ. P. 12(b)(6), respondent's motion to dismiss is an appropriate response to movant's § 2255 motion.

into the activities of Primex and its principles, including movant. (Points and Authorities in Support of § 2255 Motion (P&A) at 2-4.) According to movant, his counsel informed him that the State of California "had evidence that Primex fraudulently obtained two million dollars." (Id. at 3.) Based on this information, and on the "financial hardship to Primex and Petitioner caused by the State of California's actions," movant agreed to "a plea deal to resolve and stop all further State and Federal government actions against Primex." (Id.) Movant was forced to divest his ownership interest in Primex as a result of the plea agreement. (Id. at 6.) On January 9, 2004, movant discovered that the State of California had conducted an audit of Primex and concluded that "no financial fraud occurred at Primex Clinical Laboratories, Inc., contrary to the original claims by the State of the alleged $2,000,000.00 of fraud." (Id. at 5.) On January 28, 2004, movant's trial counsel wrote him a letter, advising him that his "current client" was Primex, and stating that if movant wished to retain counsel to address his "post-conviction problems," movant and counsel would have to "discuss our attorney-client situation since you are no longer a part of Primex." (§ 2255 Motion, Ex. 6.) In July of 2004, the California Department of Health Services entered into a settlement agreement with Primex and its principals. (§ 2255 Motion, Ex. 4.) According to movant, that settlement agreement "lifted sanctions against Primex and allowed Primex to continue service with the State under the Medi-Cal program." (P&A at 5.)

     B. Movant's Allegations

         In his § 2255 motion now pending before the court, movant alleges that after he entered the plea agreement in his criminal case and was divested of his interest in Primex, he

> became a separate entity from Primex and thus a separate client in the same criminal matter. Without informing Petitioner of any potential conflict, counsel remained Petitioner's counsel as well as Primex's counsel.

(Id. at 6.) Movant contends that as a result, he received ineffective assistance of counsel in that "said attorney proceeded to represent both Primex and the Petitioner herein, without advising Petitioner that his representation of both Primex and Petitioner may have constituted a conflict of

3

interests and a violation of Professional conduct." (Id. at 3.) Movant also alleges that his trial counsel improperly failed to conduct investigation to determine the extent of the financial fraud committed by Primex. (Id. at 6-7.) He argues that a proper defense investigation would have revealed that Primex did not commit fraud, as later determined by the California Controller's Office audit. (Id. at 7.) Movant summarizes his claim for relief as follows:

> Had Petitioner's counsel advised Petitioner to retain separate counsel as the California State Bars (sic) Professional Conduct rule 3-310 requires, the new counsel would not have had the interests of another client, in this instance Primex, conflict with their duties and would have correctly questioned the State of California's $2,000,000.00 alleged fraudulent billing.

(Id. at 7-8.)

### C. Motion to Dismiss

Respondent argues that movant's § 2255 motion is barred by the statute of limitations set forth in 28 U.S.C. § 2255(f). That code section provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The only two possible dates for the commencement of the limitations period in this case are the date movant's conviction became final and the date on which the facts supporting movant's claim could have been discovered through the exercise of due diligence.

4

Movant's judgment of conviction became final on October 19, 2002, ten days after the entry of judgment on October 9, 2002. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001) ("Thus, as to Schwartz, and except for the grace period of the AEDPA, the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal. ") According to movant's allegations and exhibits, the latest possible date upon which he could claim to have discovered the facts underlying his claim of ineffective assistance of counsel was July 27, 2004, when the California Department of Health Services entered into a settlement agreement with Primex and its principals.[4] On December 29, 2006, more than four years after his conviction became final and more than two years after the latest possible date upon which he could have discovered the facts underlying his ineffective assistance of counsel claim, movant filed the instant motion pursuant to 28 U.S.C. § 2255. Under the limitations period set forth in 28 U.S.C. § 2255(f), that § 2255 motion is untimely.

   Movant argues that he is entitled to equitable tolling of the statute of limitations and that his request for relief under § 2255 is therefore timely. In support of this argument, movant claims that: (1) his trial counsel failed to advise him that he might have had a conflict of interest during his dual representation of both movant and Primex; (2) during the negotiations leading to the Settlement Agreement with the California Department of Health Services, movant was communicating directly with counsel for the State of California because he had not resolved compensation arrangements with his own counsel; (3) although he lacked legal knowledge and could not afford to hire a lawyer, movant began to research the law regarding ineffective assistance of counsel; (4) he did not become aware of his right to file a § 2255 motion until more than one year after the date of the Settlement Agreement with the California Department of

---

[4] The court would note that this date is approximately six months **after** movant concedes that he was informed by his trial counsel that because he was no longer a part of his client Primex, counsel no longer represented movant.

5

Health Services; and (5) he had never before filed court documents in pro per. (March 5, 2007 "Supplemental Memorandum" in support of § 2255 motion, at 2-3.)

Movant also claims that his trial counsel prevented him from filing a timely § 2255 motion by advising him that he had "no appeal rights available," which advice was reinforced by the "Judgment Order," which stated that movant's appeal rights had been waived. (June 4, 2007 Response to Government's Reply (Response), at 2, 3.) Movant explains that after he found out that the audit conducted by the California Department of Health Services "concluded with 'no findings' against Primex," he asked his counsel for advice about overturning his own judgment of conviction, but was informed by counsel that he could not represent movant until financial arrangements were made. (Id. at 2-4.) Movant was unable to retain separate counsel and, because of obligations to his family and the probation office, his "time to understand and research the California Code of Civil Procedures was limited." (Id. at 4.) Movant states that he became aware that his counsel was operating under a conflict of interest during the time that he represented movant when he researched the California State Bar Rules of Professional Conduct in February, 2006. (Id.) Movant then "began researching Federal criminal procedures" in October, 2006, and discovered the existence of § 2255. (Id.) Shortly thereafter, movant argues, he filed his § 2255 motion with this court.

The United States Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005). The Supreme Court found it unnecessary to reach the question in Pace because the petitioner's failure to establish diligence in that case precluded the application of equitable tolling to his untimely petition. Id. at 418-19. However, more recently, in Lawrence v. Florida, 549 U.S. 327, 336 (2007), the Supreme Court assumed, without deciding, that § 2244(d) allows for equitable tolling.

Nonetheless, the United States Court of Appeals for the Ninth Circuit has determined that the statute of limitations contained in § 2255 is subject to equitable tolling.

United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004).  However, the court has also observed that equitable tolling "is available only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'"  Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008) (quoting Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003)).  In Pace, the United States Supreme Court observed that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  544 U.S. at 418 (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)).

        Even where extraordinary circumstances are shown, equitable tolling will not be available unless the petitioner diligently pursued his claims.  Pace, 544 U.S. at 418.  Equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas petition.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The petitioner bears the burden of demonstrating grounds for equitable tolling.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

        Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process."  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court, (Kelly), 163 F.3d 530 (9th Cir. 1998).  See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as setting a "high hurdle" to the application of equitable tolling).  To this end, equitable tolling should be invoked only "sparingly."  Irwin, 498 U.S. at 95.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a particular case."  Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999)).

        The pleadings filed by movant establish that he discovered the facts underlying his pending claim of ineffective assistance of counsel in 2004, but it took him more than two years

after he discovered these facts to conduct sufficient research to enable him to file the instant § 2255 motion. Movant blames his delay in filing his § 2255 motion on his trial counsel's failure to advise him that he could file a § 2255 motion, and on movant's own obligations to his family and the United States Probation Office while on supervised release. Movant's failure to understand the legal implications of the facts he discovered in 2004 clearly does not constitute "extraordinary circumstances" beyond his control that made it impossible to file his motion within the limitations period. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); Sperling v. White, 30 F. Supp.2d 1246, 1254 (C.D. Cal. 1998) (a lack of knowledge of the law is not an "extraordinary circumstance" beyond the petitioner's control sufficient to entitle a petitioner to equitable tolling of the limitations period).

      Nor do the action of movant's trial counsel entitle movant to equitable tolling of the statute of limitations. Counsel correctly informed movant that he had waived his right to appeal his conviction as a condition of his plea agreement with the government. Counsel's failure to suggest that movant file a § 2255 motion on the grounds of ineffective assistance of counsel did not prevent movant from conducting his own research or from filing a timely motion on his own. Even if movant's counsel erred in failing to notify him that he could file a § 2255 motion challenging his sentence or conviction, this would not entitle movant to equitable tolling of the AEDPA statute of limitations. See Miranda, 292 F.3d at 1063 (appointed counsel's letter to petitioner containing miscalculated date for filing federal habeas petition was not extraordinary circumstance warranting equitable tolling of limitations period); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney "negligence in general" not sufficient to warrant equitable tolling); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error,

miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."). Cf. Spitsyn, 345 F.3d at 800 (finding attorney's actions sufficiently egregious so as to warrant equitable tolling where the attorney failed to prepare and file a petition although he was hired one year before the statutory deadline; petitioner and his mother contacted the attorney numerous times seeking action; and, despite a request within the limitations period, attorney failed to return petitioner's file until more than two months after the statute of limitations had expired).

Movant has also failed to demonstrate that he diligently pursued his rights. He offers no significant or compelling excuse for waiting more than two years after discovering the facts underlying his ineffective assistance of counsel claim to file a timely motion seeking relief under § 2255. Movant's obligations to family and the United States Probation Office do not constitute "extraordinary circumstances" that prevented him from filing a timely motion. Further, movant's § 2255 motion, filed pro se, belies any argument that he was incapable, intellectually or otherwise, of conducting legal research or filing his motion on time.

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 6, 2007 motion to dismiss be granted;

2. Movant's December 29, 2006 motion to vacate, set aside, or correct his plea and sentence pursuant to 28 U.S.C. § 2255 be dismissed as untimely filed; and

3. The Clerk of the Court be directed to close the companion civil case No. CIV S-06-2929 LKK DAD P.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
Park190.2255